```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 04/19/2022
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
────────────────────────────────

KESTER SANDY,

                Petitioner,

  -against-

DELTA BAROMETRE, *Superintendent of Otisville Correctional Facility*,

                Respondent.

No. 21 Civ. 3099 (NSR)

ORDER

NELSON S. ROMÁN, United States District Judge:

On April 9, 2021, Petitioner Kester Sandy filed the instant petition for a writ of habeas corpus under 28 U.S.C. § 2241, challenging the validity of his 2004 conviction in the Eastern District of Pennsylvania under 18 U.S.C. § 922(g)(1) (the "2004 Federal Conviction"). (Pet., ECF No. 1.) Specifically, Petitioner challenges the validity of the 2004 Federal Conviction under *Rehaif v. United States*, 139 S. Ct. 2191 (2019),[1] arguing that although he "pled guilty to being a felon in possession of a firearm," he "never actually knew at the time of the alleged crime that [he] was actually convicted." (Pet. at 7.)

To date, Petitioner has already completed the 78-month term of imprisonment from the 2004 Federal Conviction that the Eastern District of Pennsylvania imposed. However, Petitioner has yet to serve a three-year term of supervised release under the 2004 Federal Conviction because he is currently under state custody serving a term of imprisonment for an unrelated state conviction at the Otisville Correctional Facility ("Otisville") in Orange County, New York.

---

[1] In *Rehaif*, the U.S. Supreme Court "clarified the *mens rea* requirement for firearms-possession offenses, including the felon-in-possession offense. In felon-in-possession cases after *Rehaif*, the Government must prove not only that the defendant knew he possessed a firearm, but also that he knew he was a felon when he possessed the firearm." *Greer v. United States*, 141 S. Ct. 2090, 2095 (2021) (citing *Rehaif*, 139 S. Ct. at 2199–2200).

The Court notes that because Petitioner is challenging his future *federal* term of supervised release and not his New York state custody, then the Otisville superintendent is *not* the proper respondent in this case. This is because under the circumstances, "the proper respondent [is] not [Petitioner's] immediate physical custodian," but instead, "the entity or person who [will exercise] legal control with respect to the challenged 'custody.'" *Rumsfeld v. Padilla*, 542 U.S. 426, 438 (2004) (citing *Braden v. 30th Jud. Cir. Ct. of Kentucky*, 410 U.S. 484, 494–95 (1973)); *Maleng v. Cook*, 490 U.S. 488, 493 (1989) (recognizing that "petitioner who was serving two consecutive sentences . . . could challenge the second sentence which he had not yet begun to serve"); *see also United States v. Harper*, 374 F. App'x 124, 126–27 (2d Cir. 2010) (holding that defendant's supervised release was tolled while served a sentence of imprisonment on a state conviction).

Because "a petitioner under supervised release may be considered 'in custody'" for purposes of a habeas corpus petition, *Scanio v. United States*, 37 F.3d 858, 860 (2d Cir. 1994), then the proper respondent here is U.S. Probation and Pretrial Services or the U.S. Probation officer that will be supervising Petitioner's case, who will exercise control over him during his term of federal supervised release as his immediate custodian. *See* 18 U.S.C. § 3624(e) ("A prisoner whose sentence includes a term of supervised release after imprisonment shall be released . . . to the supervision of a probation officer[.]"); *see also Saunders v. United States Parole Commission*, 665 F. App'x 133, 135–36 (3d Cir. 2016) (holding that proper respondent in § 2241 habeas petition challenging the legality of federal detainer issued for alleged violations of supervised release was U.S. Probation and Pretrial Services); *Figueroa v. United States*, No. 17CV8812, 2018 WL 10419772, at *2 (N.D. Ill. Jan. 16, 2018) (holding that in § 2241 habeas petition brought by prisoner on federal supervised release, the "probation officer supervising his case . . . is the proper

Respondent as she is Petitioner's immediate custodian"), *aff'd sub nom. Figueroa v. Tarquino*, 737 F. App'x 789 (7th Cir. 2018).

Accordingly, because Petitioner fails to both "name as respondent the entity or person who [will] exercise[] legal control with respect to the challenged 'custody'" and to file suit in the court that has "jurisdiction over" that entity or person, *Padilla*, 542 U.S. at 438, 442, the Court DISMISSES the instant petition for a writ of habeas corpus under 28 U.S.C. § 2241 without prejudice. The Clerk of the Court is directed to mail a copy of this Order to *pro se* Petitioner at his address on ECF and to show service on the docket. The Clerk of the Court is further directed to terminate this action.

Dated: April 19, 2022  
       White Plains, NY

SO ORDERED:

NELSON S. ROMÁN  
United States District Judge